Locke, Judge
 

 I regret very much on this question, I should differ in opinion from my brethren, who have overruled this demurrer. But as it is my duty to be guided by the best judgment I can form on this subject, and not by the opinion of others, I shall briefly state the grounds on which my opinion is formed. The deed, set forth in the replication of the petitioner, does not state either the beginning, the courses, or the lines of Moore’s one-third, but only on what part of the island it shall be laid off. It does not state whether his share shall consist of one-third in quantity or of one-third in value; it declares that one-third (meaning certainly whatever share was devised to Mrs. Moore,) should be laid off in a certain part of the island. I have always understood a tenant in severalty, to be one whose estate is severed and separated from that of all others and who completely knoweth his own land. I would then ask, can any man, from this deed, know precisely Moore’s one-third ? But it is said, “that is certain, which can be made so,” and that as this deed says, Moore’s share shall be taken off adjoining the causeway, any surveyor can ascertain where this share will be, and that to effect a partition, it is not necessary to have a survey and marked lines. To this I answer, that unless the deed of partition should state some point at which the beginning shall be, some courses to be run by a surveyor, or some natural boundary, which can with certainty be ascertained, the partition cannot be so made as to leave an estate in severalty, to one of two tenants in common. .1 am not able, from the description of this deed, to say that any such certainty is contained therein, or that by any possibility it can be made certain. For I think one-third of
 
 *309
 
 ihijs tract can be .laid off, so as to answer the. description of this deed, in as many different ways as the fancy of twenty surveyors might suggest. If surveyed by one to day, from the face of the deed, he would give land to Mr- Mqpre, which another on to-morrów would take from him, and thus the land would be Moore’s or Eagles’s, according to chance, or the caprice of a surveyor. — It has been further said, that the land just below the causeway, is certainly Moore’s, and if he can place his foot on a single spot, and say it is his, that is evidence of a partition. I admit that it is as to that spot, but not as to the whole third
 
 ;
 
 and if Moore be a tenant in common of a single acre, although as to the rest he may be a tenant in severalty, yet this demurrer ought to be sustained, and Moore made a party. It is further urged, that if this demurrer be sustained, and commissioners be appointed under our act of Assembly, to make partition, this deed will not restrain them from laying off Moore’s third where they please, and that the Court cannot impose terms which the commissioners are bound to pursue. I admit, that if such an order should be made by the Court, and commissioners appointed under it, such a consequence might ensue. But I think no such order Can or ought to be made. I am far from viewing this deed as a mere
 
 nullity;
 
 I consider it as a covenant binding Eagles and his heirs, and all claiming under him, to divide according to the spirit of this instrument, and that this is a case where the Common Law remedy cannot be used 5 that when Moore isnnade a party, he has nothing to do, but to plead this deed, in order to oust the Law Court of its jurisdiction, and compel the petitioner to resort to a Court of Equity, which will decree partition to be made according to the deed. For the act of Assembly affords a remedy, only where there is neither a partition nor a covenant to divide in any particular manner ; leaving the commissioners with full powers to divide equally between the parties, and to ascertain the dif
 
 *310
 
 ference in value of the respective sliare^ The remedy-therefore given by the statute, only extending to cases where no partition has been made, nor any agreement binding the parties to divide in a particular way, seems to me not to embrace this case, but to leave the parties to such remedy as was in force before the passing of the act. — For these reasons, I am of opinion, that the demurrer ought to be sustained. — But,
 

 By Haii, Lowkie, Weight, Judges — Let the demurrer be overruled. *